# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHNNY LEE RICHMOND,

        Plaintiff,

v.                                          Case No. 25-CV-1780

CITY OF MILWAUKEE, et al.,

        Defendant.

## ORDER AND RECOMMENDATION

Currently pending before the court is Johnny L. Richmond's Motion to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Richmond's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Richmond's Motion to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is granted.

Because the court is granting Richmond's motion, it must proceed with the second step of the analysis under 28 U.S.C. § 1915 and determine whether the complaint is legally sufficient to proceed.

**1. Legal Standards**

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a

court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32–33. A court may not dismiss a claim as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### 2. Factual Allegations

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations in the plaintiff's complaint. Richmond names several defendants, including the City of Milwaukee, Milwaukee County, the State of Wisconsin, the United States of America, the U.S. District Court Eastern District of Wisconsin, and John/Jane Doe as place holders for local, state, and federal officers. (ECF No. 1 at 2.)

Richmond states that the defendants subjected him to "improper taxes, tariffs, liens, and fiat fees or forms of 'state and federal slave taxes.'" (ECF No. 1 at 2.). He claims that the defendants "misrepresented legal instruments and quasi-procedures, using altered language, lexicons, and procedure manuals … resulting in harm." (*Id.* at 2–3.) He also states that the defendants' actions violated treaties and historical agreements and

"imposed modern 'slave taxes' or tariffs contrary to Emancipation Statutes …" (*Id*. at 4.) Richmond asserts various other claims that are difficult to understand.

Richmond alleges the "loss of real and personal property; overpaid taxes and tariffs; credit impairment; psychological and emotional distress… from breaches of harms of every constitution and treaty …" (ECF No. 1 at 3.) He requests "declaratory judgment, specie or equitable monetary restitution, lump reimbursement lump sum-punitive/enhanced damages …" and correction of his "public/private records, per permanent injunction." (*Id*.)

## 3. Analysis

Richmond's complaint, like those he previously filed in this district,[1] is nearly incomprehensible. He names several defendants but fails to allege specific factual allegations against any of them. *See Iqbal*, 556 at 678 (holding that a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). He asserts various harms in a conclusory fashion without identifying when, where, or how he was

---

[1] *See Richmond v. Internal Revenue Service*, Case No. 14-cv-105 (E.D. Wis. Jul. 31, 2014) (dismissed for failure to state a claim); *Richmond v. United States of America*, Case No. 14-cv-1094 (E.D. Wis. Jan. 13, 2015) (dismissed for failure to state a claim); *Richmond v. Federal Reserve System*, Case No. 17-cv-988 (E.D. Wis. Aug. 15, 2017) (dismissed for failure to state a claim); *Richmond v. U.S. District Court for the Eastern District of Wisconsin*, Case No. 17-cv-998 (E.D. Wis. Sep. 11, 2017) (dismissed for failure to state a claim); *Richmond v. The Executive Department of the United States et al*., Case No. 21-cv-829 (E.D. Wis. Aug. 30, 2021) (dismissed for failure to state a claim and as frivolous); *Richmond v. Unknown*, Case No. 21-cv-1248 (E.D. Wis. Apr. 29, 2022) (dismissed for failure to state a claim); *Richmond v. United States Government*, Case No. 23-cv-1052 (E.D. Wis. Oct. 3, 2023) (dismissed for failure to state a claim); *Richmond v. JP Morgan Chase et al*., Case No. 25-cv-58 (E.D. Wis. Jul. 14, 2025) (dismissed for lack of Article III standing); *Richmond v. Estate of Queen Amanirenas et al*., Case No. 25-cv-1459 (E.D. Wis. Oct. 10, 2025) (dismissed for failure to state a claim and as frivolous).

harmed, thereby failing to give the defendants notice of the claims against them or the grounds upon which they rest. *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005) (finding that a complaint that fails to give the defendant notice of the nature of the plaintiff's claim and the grounds upon which it rests is not sufficient to proceed).

Federal district courts are courts of limited jurisdiction that may entertain cases only where jurisdiction is authorized by the Constitution or by federal statute. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009); *see also Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Richmond invokes the court's federal question jurisdiction under 28 U.S.C. § 1331 but has not alleged facts in support of a federal claim. Even construing the complaint liberally, the court cannot identify any particular claims for which Richmond is seeking redress, nor can the court determine if such claims are properly brought in federal court.

Moreover, several of the listed defendants are immune from suit. It is fundamental that "absent a waiver of sovereign immunity, the federal government is immune from suit." *Loeffler v. Frank*, 486 U.S. 549, 555 (1988). And it is well settled that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another state." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

## 4. Conclusion

This is the eleventh case Richmond has filed in this district, all of which have been dismissed on screening as frivolous or for failure to state a claim. *See Richmond v. Assessors Off.*, No. 25-cv-1353-bhl, 2025 U.S. Dist. LEXIS 200997, at *7, 2025 WL 2896090, at *3 (E.D. Wis. Oct. 10, 2025). Ordinarily, the court would permit a *pro se* plaintiff one opportunity to amend his complaint before recommending that an action be dismissed, but the court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Because Richmond's allegations are baseless, any amendment would be futile. The court therefore recommends dismissing this case with prejudice.

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Thus, the Clerk of Court shall randomly assign this matter to a district judge to consider the court's recommendation that Richmond's complaint and this action be dismissed.

**IT IS THEREFORE ORDERED** that Richmond's Motion to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Richmond's complaint and this action be **DISMISSED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may

be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 18th day of November, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge