UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHNNY LEE RICHMOND,<br><br>                            Plaintiff,<br><br>v.<br><br>CITY OF MILWAUKEE,<br>MILWAUKEE COUNTY, STATE OF<br>WISCONSIN, UNITED STATES OF<br>AMERICA, U.S. DISTRICT COURT<br>FOR EASTERN DISTRICT OF<br>WISCONSIN, and JOHN AND/OR<br>JANE DOE OFFICIALS,<br><br>                            Defendants. | Case No. 25-CV-1780-JPS<br><br><br>**ORDER** |

### 1.     INTRODUCTION

In November 2025, Plaintiff Johnny Lee Richmond ("Plaintiff") filed a pro se complaint and a motion for leave to proceed without prepayment of the filing fee, also known as a motion for leave to proceed in forma pauperis. ECF Nos. 1, 2. Magistrate Judge William E. Duffin granted to motion for leave to proceed in forma pauperis. ECF No. 4. He then screened the complaint and—finding that it was "nearly incomprehensible" and additionally noting Plaintiff's extensive history of frivolous or legally meritless cases in this District—recommended that the case be dismissed without leave to amend the complaint and with prejudice. ECF No. 5 at 5–7. Magistrate Judge Duffin advised Plaintiff that written objections to his Report and Recommendation ("R&R"), or any part thereof, could be filed within fourteen days of the date of service of the R&R. *Id.* at 7–8 (citing General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil

Procedure 72(b)). Plaintiff timely filed a document that the Court will construe as his objections to the R&R. ECF No. 6. For the reasons stated herein, the Court will overrule Plaintiff's objections to Magistrate Judge Duffin's R&R, adopt the R&R in full, and dismiss this case with prejudice.

2.     **LEGAL STANDARD**

When reviewing a magistrate judge's recommendation, the Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

3.     **BACKGROUND**

Magistrate Judge Duffin summarized the allegations in the amended complaint as follows:

> Richmond states that the defendants subjected him to "improper taxes, tariffs, liens, and fiat fees or forms of 'state and federal slave taxes.'" . . . He claims that the defendants "misrepresented legal instruments and quasi-procedures, using altered language, lexicons, and procedure manuals . . . resulting in harm." . . . He also states that the defendants' actions violated treaties and historical agreements and "imposed modern 'slave taxes' or tariffs contrary to Emancipation Statutes . . . " . . . Richmond asserts various other claims that are difficult to understand.

ECF No. 5 at 4–5. As far as the Court can discern, Plaintiff makes no specific objection to how Magistrate Judge Duffin characterized the facts. *See generally* ECF No. 6.

Magistrate Judge Duffin determined that Plaintiff's claim was subject to dismissal because, "like those [cases] he previously filed in this district," his complaint was "nearly incomprehensible." ECF No. 5 at 5; *id.*

at n.1 (listing nine other cases that Plaintiff has previously filed in this district, all of which were dismissed for failure to state a claim, as frivolous, and/or for lack of standing). He found that the complaint "fail[ed] to give the defendants notice of the claims against them." *Id.* at 6 (citing *Fid. Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005)). Finally, he noted that Richmond failed to "allege[] facts in support of a federal claim" that would support an exercise of federal question jurisdiction, and that "several of the listed defendants are immune from suit." *Id.* (citing *Loeffler v. Frank*, 486 U.S. 549, 555 (1988)). Considering all of this, Magistrate Judge Duffin recommended that this case be dismissed with prejudice, finding that giving Plaintiff the opportunity to amend his complaint would be futile. *Id.* at 7.

Plaintiff's objections span 126 pages and include, among other things, "ciphers"; chess moves; a "unified historical-legal dossier" of the doctrine of discovery and the statute of frauds; a "ledger" of transactions involving "Roman Banker," "Jack & Jill," "Humpty Dumpty," "Colonial MacDonald," and others; a "Debtor Table" in what appears to be software programming code; a demand for a constructive trust; a lexicon of legal maxims in Latin; an outline of how Plaintiff "removed . . . incorporated bias" in the Python programming language; and a "100-point master list" of "hidden mechanisms + loopholes + breached doctrines." *See generally* ECF No. 6. He includes an "objection to prejudicial applications of law and procedure" and "ask[s] the Court to consider the broader implications of continuing to enforce doctrines that are historically unjust and economically debased." *Id.* at 37, 39. He references, at points, the Racketeering Influenced and Corrupt Organizations Act ("RICO"), the False Claims Act ("FCA"), and antitrust law. *Id.* at 79, 81. He also references

the Fifth and Fourteenth Amendments, the equal protection and ex post facto clauses of the United States Constitution, and the doctrines of separation of powers, nondelegation, and federalism. *Id.* at 107, 109.

**4.     ANALYSIS**

When a pro se litigant seeks to proceed without prepayment of the filing fee, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se

complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing FED. R. CIV. P. 8(f)). Notwithstanding the district court's obligation to "accept as true all of the well-pleaded facts in the complaint," *Kubiak*, 810 F.3d at 480–81 (citation omitted), it is not required "to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citing *Neitzke*, 490 U.S. at 327–28; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); and *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)).

Magistrate Judge Duffin's recommendation of dismissal is appropriate for a variety of reasons. Plaintiff's complaint is a collection of vague legal theories, and Plaintiff makes no concrete factual allegations to put any Defendant on notice of how it is accused of violating his rights. *See Fid. Nat. Title Ins. Co. of N.Y.*, 412 F.3d at 749. He fails to identify any federal cause of action giving this Court federal question jurisdiction over his case. *See* 28 U.S.C. § 1331. There is no basis for the Court to believe that diversity jurisdiction exists either. 28 U.S.C. § 1332.

Plaintiff's objections clarify nothing. The only specific objection that the Court can discern are Plaintiff's references to RICO, FCA, and federal antitrust law and federal constitutional provisions and doctrines—presumably an attempt to address Magistrate Judge Duffin's finding that Plaintiff failed to assert federal question jurisdiction. However, these references are not tied to any particular factual allegations, so any jurisdictional objection Plaintiff might be raising is unpersuasive. Aside from this, the Court discerns no specific objection to Magistrate Judge Duffin's factual or legal findings in Plaintiff's objections. The Court has no

Page 5 of 7
Case 2:25-cv-01780-JPS    Filed 12/30/25    Page 5 of 7    Document 8

independent basis to disagree with Magistrate Judge Duffin's recommendation, and will adopt it in full.

This case will therefore be dismissed with prejudice. Further, the Court finds that Plaintiff's extensive 10-year history of frivolous and baseless litigation in this District warrants imposition of a filing bar. Plaintiff will be barred from filing any paper in any case in this District for a period of five (5) years from the date of this Order. *See Support Sys. Intern., Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)). This shall include motions for reconsideration, but it will not include notices of appeal or papers related to exigent circumstances or in "any criminal case in which [Plaintiff] is a defendant or any application for habeas corpus that he may wish to file." *Id.*; *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)). The Clerk of Court will be directed to return unfiled any such papers until the expiration of five (5) years from the date of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff Johnny Lee Richmond's objections to Magistrate Judge William E. Duffin's report and recommendation, ECF No. 6, be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 5, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff Johnny Lee Richmond shall be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers related to exigent circumstances or in any criminal case in which he is a defendant or any application for habeas corpus, for a period of five (5) years from the date of this Order; consistent with the terms of this Order, the Clerk of Court shall **RETURN UNFILED** any such papers, received from, or on behalf of, Johnny Lee Richmond, together with a copy of this Order.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.